## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**ALLISON OFFSHORE SERVICES II, LLC**

**VERSUS**

**ARRAY PETROLEUM, LLC AND NATURAL RESOURCES WORLDWIDE, LLC**

**NO.: 2:26-CV-251**

**JUDGE:**

**MAGISTRATE:**

## COMPLAINT FOR ENFORCEMENT OF OIL WELL LIEN AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes **Allison Offshore Services II, LLC** ("Plaintiff" or "Allison"), which represents as follows:

## PARTIES

1.

Plaintiff is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana.

2.

Defendant, Array Petroleum LLC ("Array") is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana, and which may be served through its registered agent Edward B. Poitevent, II at 909 Poydras St., Suite 3150, New Orleans, LA 70112.

3.

Defendant, Natural Resources Worldwide, LLC ("Natural") is a Texas limited liability company with its principal place of business in Dallas, Texas, authorized to do business in Louisiana and which may be served through its registered agent Edward B. Poitevent, II at 909 Poydras St., Suite 3150, New Orleans, LA 70112.

PD.60347369.2

## JURISDICTION AND VENUE

4.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 43 U.S.C. §1331 *et seq*. Jurisdiction is premised on federal question in that this matter arises out of and in connection with operations conducted on the Outer Continental Shelf involving exploration, development and the production of minerals, directly implicating the Outer Continental Shelf Lands Act ("OCSLA"). The Court also has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

5.

OCSLA vests federal courts of the United States with original jurisdiction to hear and consider claims arising on or related to platforms and structures on the Outer Continental Shelf. Under 43 U.S.C. § 1349(b)(1), "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with [] any operation conducted on the [O]uter Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the [O]uter Continental Shelf, or which involves rights to such minerals..."

6.

Plaintiff provided construction services to Defendants' oil and gas operations on the outer continental shelf off the coast of Louisiana. Thus this Court is vested with jurisdiction to hear this matter.

PD.60347369.2

7.

Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 as the matter arises out of goods and services provided by Plaintiff at Defendants' mineral lease interest on an oil and gas well located on the Outer Continental Shelf off the coast of the Parish of Terrebonne within this District.

**BACKGROUND AND CAUSES OF ACTION**

8.

Plaintiff offers various services to the oil and gas industry, including but not limited to mechanical and piping, structural and civil, electrical and instrumentation, and testing and inspection services in connection with and in support of drilling and/or production operations.

9.

Array is in the business of operating certain oil and gas leases, wells, and/or operating interests for and on its own behalf and/or that of Natural.

10.

On or about April 8, 2024, Plaintiff and Array entered into a Master Service Agreement ("MSA") under which Plaintiff was to provide goods and/or services in connection with and in support of Array's drilling and/or production operations and/or maintenance of a certain oil and gas well (the "Services"). This included assembling pipe which was then incorporated into various oil and/or gas wells situated in the outer Continental Shelf off the coast of Terrebonne Parish, Ship Shoal Block 181, Lease No. G04231 and Eugene Island Block 361, Lease No. G02324 (the "Leases").

PD.60347369.2

11.

Pursuant to the MSA, Array expressly agreed to pay Plaintiff for its Services within forty-five (45) days of receipt of invoices.

12.

Plaintiff sent multiple invoices to Array between September and October 2024 for the cost of the Services performed and materials used, totaling $68,038.29 (the "Invoice Balance").

13.

Array did not respond to the written demand, nor did it make any payments due under the invoices.

14.

On February 12, 2025, Plaintiff filed a Statement of Privilege, Oil Lien Affidavit, and Notice of Claim of Lien for services performed in connection with the Project in the parishes of:

| Parish | Recordation Information |
| --- | --- |
| St. Mary | File Number 367488, Book 1728, Page 1 |
| St. Mary | File Number 367487, Book 1727, Page 716 |
| Terrebonne | File Number 1703461, Book 3554, Page 248 |
| Terrebonne | File Number 1703460, Book 3554, Page 194 |

15.

On February 12, 2025, pursuant to La. R.S. 9:4861, *et seq.*, Plaintiff mailed notice to all Defendants that Plaintiff had filed a Statement of Privilege, Oil Lien Affidavit, and Notice of Claim of Lien on the Project. Copies of the Liens and Notices are attached hereto as **Exhibit A.**

- 4 -

16.

The lien amounts in favor of Plaintiff as of the date of filing the Notice of Liens are as follows:

| Lease Number | Parish | Lien Amount |
| --- | --- | --- |
| G04231 | Terrebonne | $61,112.04 |
| G02324 | St. Mary | $7,926.25 |

17.

Upon information and belief, Array was at all relevant times and remains the operator of record for the Leases.

18.

Upon information and belief, Natural was at all relevant times and remains the owner of record for the Leases.

19.

To date, Array has not paid any portion of the Invoice Balance to Plaintiff, despite written demand, therefore. Thus, the full Invoice Balance is due and owing, along with reasonable attorney fees and court costs, for which Plaintiff seeks judgment herein.

## COUNT I – LOUISIANA OIL WELL LIEN ACT CLAIM AND PRIVILEGE AGAINST DEFENDANTS

20.

Plaintiff incorporates and realleges Paragraphs 1 through 19 as if fully set forth herein *in extenso*.

PD.60347369.2

21.

Under OCSLA, 43 U.S.C. 1333 (2)(A), state laws are declared to be the law of the United States for fixed structures that would be within the area of the state if its boundaries were extended seaward to the outer margin of the continental shelf.

22.

Pursuant to OCSLA and the Louisiana Oil Well Lien Act ("LOWLA") La. R.S. 9:4861, *et seq.*, Plaintiff timely filed in the mortgage records of Terrebonne Parish and St. Mary Parish its Oil Well Lien Affidavits, Statements of Privilege, and Notices of Claim of Lien with respect to its Services on the above-described Leases.

23.

Plaintiff has not been paid the presently due principal balance of $68,038.29 for its Services in connection with the wells situated on the Leases.

24.

By preserving its lien and privilege, Plaintiff has a claim against all Defendants' property on the Leases for its unpaid Services and a privilege on the Leases to secure payment to Plaintiff for the unpaid Services.

25.

Plaintiff's lien and privilege exists on and encumbers the following property (the "Encumbered Property"):

    a.   The Leases and any and all wells located thereon;

    b.   The operating interest of the operator of the Leases and the operating interest of any participating lessee(s) therein, including but not limited to, Array, together with such parties' interest in: (1) all wells, building, tank, leasehold pipeline, platforms,

- 6 -

machinery, flowlines, gathering lines, and other related equipment and other construction or facility located thereon; (2) all movables used in the operation of the well attached thereto or located on the Leases and/or well site, including but not limited to, monitoring, measuring, metering and control equipment, appurtenances, appliances, equipment and other structures; and (3) the tract of land, servitude or other lease described in La. R.S. 9:4861(12)(c) covering the Leases;

c. A drilling or other rig located at the Leases, if the rig is owned by the operator of the Leases, Array;

d. All hydrocarbons produced from the operating interest of the operator of the Leases, Array, and the operating interest of any participating lessee(s) therein, including but not limited to Array; and

e. The proceeds received by, and the obligations owed to, any lessee, including without limitation, Array, from the disposition of hydrocarbons.

26.

The Notice of Liens required by La. R.S. 9:4867 was sent by Plaintiff to Array as operator of the Leases, and Natural as owner of the Leases, within one hundred eighty (180) days of completion of the Services performed by Plaintiff in connection with the drilling, development, exploration and/or operation of the Leases.

27.

Accordingly, Plaintiff is entitled to have the Court recognize and enforce its lien and privilege for its unpaid Services, plus interest and associated costs and penalties thereon, on the Leases owned by National and operated by Array, pursuant to La. R.S. 9:4861, *et seq.*, and all other applicable laws.

28.

Additionally, pursuant to La. R.S. 9:4862(B)(3), Plaintiff is entitled to recover the cost of preparing and filing the Notice of Liens, as well as the notice of *lis pendens* required to be filed under La. R.S. 9:4865(C), which Plaintiff intends to file during the period afforded by the statute.

29.

Pursuant to La. R.S. 9:4862(B)(2) and (B)(4), Plaintiff is entitled to recover reasonable attorneys' fees not to exceed ten percent (10%), as well as interest.

## COUNT II – WRIT OF SEQUESTRATION AND JUDGMENT ON PRIVILEGE

30.

Plaintiff incorporates and realleges Paragraphs 1 through 19 as if fully set forth herein *in extenso*.

31.

Plaintiff prays that the Court issue a writ of sequestration against the above-described Encumbered Property owned by Natural and operated by Array in order to satisfy Plaintiff's lien and privilege under La. R.S. 9:4861, *et seq.*, and all other applicable laws.

32.

Plaintiff further prays for a judgment in its favor in the principal amount of $68,038.29 plus interest, associated costs, and attorneys' fees. Plaintiff further prays to have its privilege and lien recognized by the Court on the above-described Encumbered Property and to have the Encumbered Property seized and sold to satisfy the judgment in Plaintiff's favor.

- 8 -

## COUNT III – BREACH OF CONTRACT

33.

Plaintiff incorporates and realleges Paragraphs 1 through 19 as if fully set forth herein *in extenso*.

34.

Array's failure to make payments due under the MSA constitutes a breach of contract.

35.

To date, Array owes Plaintiff the principal outstanding sum of SIXTY-EIGHT THOUSAND AND THIRTY-EIGHT AND 29/100 ($68,038.29) DOLLARS for the Services provided by Plaintiff (see invoices and supporting documentation, attached to Exhibit A).

36.

As a result of said breach, Plaintiff has suffered damages, plus costs, attorneys' fees and interest from the date services were rendered.

37.

Plaintiff is entitled to a judgment by the Court awarding any and all damages for Array's breach of contract, including without limitation costs, legal interest and attorneys' fees.

**WHEREFORE**, Allison Offshore Services II, LLC, respectfully prays, after due proceedings are had, that there be judgment in favor of Plaintiff in the amount of $68,038.29 plus interest, associated costs, and attorneys' fees, that its Statement of Privilege and Lien be recognized and enforced as a lien against the above described Encumbered Property and Leases and that said property be seized and sold to satisfy the judgment in Plaintiff's favor. Plaintiff further prays for all other relief that would be equitable and just under the circumstances set forth herein.

[signature block on following page]

- 9 -

PD.60347369.2

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    *s/Anthony J. Gambino, Jr.*
        Anthony J. Gambino, Jr. Bar Roll No. 37129
        Susan Furr Bar Roll No. 19582
        Nena M. Eddy, Bar Roll No. 38729
        II City Plaza | 400 Convention Street, Suite 1100
        Baton Rouge, Louisiana 70802
        Telephone: 225 346 0285
        Facsimile: 225 381 9197
        Email: Anthony.gambino@phelps.com
        Email: susan.furr@phelps.com
        Email: nena.eddy@phelps.com

ATTORNEYS FOR PLAINTIFF ALLISON
OFFSHORE SERVICES II, LLC


**PLEASE SERVE:**
**Array Petroleum, LLC**
Through its registered agent
Edward B. Poitevent, II
909 Poydras Street, Suite 3150
New Orleans, LA 70112

**Natural Resources Worldwide, LLC**
Through its registered agent
Edward B. Poitevent, II
909 Poydras Street, Suite 3150
New Orleans, LA 70112

- 10 -